ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 7 2006
CLERK, U.S. DISTRICT COURT
By_____
Deputy

MICHAEL J. QUILLING, RECEIVER
FOR MEGAFUND CORPORATION
AND LANCORP FINANCIAL GROUP,
LLC,

    Plaintiff

vs.

KENNETH WAYNE HUMPHRIES,

    Defendant.

Civil Action No. 3:06-CV-0299-(BD)

ECF
Referred to U.S. Magistrate Judge

## DEFENDANT'S BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION
## FOR AN ENLARGEMENT OF TIME
## IN WHICH TO FILE RESPONSE TO
## THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JEFF KAPLAN, UNITED STATES MAGISTRATE JUDGE:

Comes the Defendant, Kenneth W. Humphries, pro se, and submits this brief in support of his motion for an enlargement of time in which to file a response to the Plaintiff's Motion for Partial Summary Judgment.

There are three principal reasons for this request for additional time. The first is grounded in the negotiations the undersigned and counsel for the Receiver had as to settlement, both before and after the Receiver's filing of his motion for partial summary judgment on July 7, 2006. A tentative settlement had been worked out for

1

this entire case. The parties had agreed on the amount to be paid by the undersigned to the Receiver, but the parties could not agree to the time for payment of the amount. It was the undersigned's hope and belief that a settlement would be reached when the Receiver could be made to understand the undersigned's financial wherewithal, but that has not proved to be the case thus far. However, believing the settlement was imminent, the undersigned attended to what were judged to be more pressing matters at that time. That brings us to the second principal reason for this request.

    The undersigned is a solo practitioner and does not have a full-time legal secretary. During this time frame, his part-time legal secretary had an illness in the family which prevented her from being available to work the time that she normally works, which put additional responsibilities on the undersigned. The undersigned had two briefs due in the Kentucky Court of Appeals at the same time the response to the Receiver's motion was due. The second of those briefs was filed on August 30. Those were the biggest projects, and are time consuming. But, several additional matters that were unexpected, unplanned and unscheduled arose and consumed time and attention. While this is typical of most any practice, this was especially the case for the undersigned in a volume that is not typical for the undersigned's practice. The undersigned is not complaining. The undersigned is thankful for the additional work, as hopefully it will generate income that can be used to satisfy the judgment that will be entered in this case. But the matters had to be addressed and the work had to be

done, and this was discussed to some degree with counsel for the Receiver. That brings us to the third principal reason.

The undersigned discussed an extension of time to respond to the Receiver's motion for partial summary judgment with counsel for the Receiver, and was advised that the Receiver would not oppose extending the time for filing reply and response briefs. The undersigned left it at that, and set about to work on the first of the two briefs due and other pressing matters. Before the undersigned addressed formalizing the extension, the United States Magistrate Judge's Findings and Recommendation was entered. The undersigned's failure to attend to securing a formal extension may have been neglect, but it should be considered excusable neglect in that it was believed that a settlement had been all but reached, that counsel for the receiver had agreed to the undersigned receiving an extension of time in which to respond to the Receiver's motion for partial summary judgment, and the undersigned did have other matters of a pressing nature that had to be attended to as well, the responsibility for which the undersigned could assign to no one else.

Accordingly, the undersigned requests an enlargement of time to and including September 21, 2006, in which to file a response to the Receiver's motion for partial summary judgment

Respectfully submitted, this 6th day of September, 2006.

*Kenneth W. Humphries*
KENNETH W. HUMPHRIES
110 East Ninth Street
P.O. Box 74
Hopkinsville, Kentucky 42241
(270) 886-5649
Kentucky Bar Association # 34630

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing was served upon the following by mailing a true copy of same to:

Hon. Michael J. Quilling
Quilling Selander Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240

This 26th day of August, 2006.

*Kenneth W. Humphries*
KENNETH W. HUMPHRIES