IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, as Receiver for Megafund Corporation and Lancorp Financial Group, LLC | § § § § | |
| Plaintiff, | § § | NO. 3-06-CV-0299-L |
| VS. | § § | |
| KENNETH WAYNE HUMPHRIES | § § | |
| Defendant. | § § | |

**MEMORANDUM ORDER**

Defendant Kenneth Wayne Humphries, appearing *pro se*, has filed a motion for enlargement of time to file a response to plaintiff's motion for summary judgment. In the alternative, Humphries seeks an extension of time to file objections to the recommendation granting summary judgment in favor of plaintiff. For the reasons stated herein, the court denies the motion for enlargement of time to file a summary judgment response, but grants Humphries an additional 10 days to file objections.

This is a civil action brought by Michael J. Quilling, as Receiver for Megafund Corporation and related entitles, against Kenneth Wayne Humphries, a Kentucky lawyer who served as general counsel to Megafund, to recover more than $9 million invested by Lancorp Financial Group as a result of false statements contained in an opinion letter signed by Humphries. The Receiver also seeks another $19,000 in investor funds paid to Humphries by Megafund. In his answer, Humphries admits that the representations in his opinion letter were "inaccurate, false, and misleading," and acknowledges receipt of the $19,000, but otherwise denies any wrongdoing. At a status conference held on June 2, 2006, the Receiver and Humphries expressed optimism that the case would be

settled. That same day, the court entered an order directing the parties to submit settlement papers or, alternatively, directing the Receiver to file a motion for summary judgment, by July 7, 2006. *See* Order, 6/2/06. Unable to finalize a settlement, the Receiver filed a motion for summary judgment as directed by the court. In an order dated July 10, 2006, the court instructed Humphries to file a written response to the motion and any controverting evidence by August 7, 2006. *See* Order, 7/10/06. On August 14, 2006, having not received a response or any communication from Humphries, the magistrate judge recommended that the Receiver's motion for summary judgment be granted. Humphries now seeks an enlargement of time to respond to the summary judgment motion or, alternatively, to file objections to the magistrate judge's recommendation.[1]

Humphries' motion is subject to the "excusable neglect" standard of Fed. R. Civ. P. 6(b). That rule provides, in pertinent part:

> When by these rules or by a notice given thereunder *or by order of court* an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . *upon motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of *excusable neglect* . . .

FED. R. CIV. P. 6(b) (emphases added). The determination of what constitutes "excusable neglect" is an equitable one. *See Pioneer Investment Services, Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). The court must take into account all relevant circumstances surrounding the party's omission. *Id.*, 113 S.Ct. at 1498. These include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the

---

[1] Humphries originally filed his motion for enlargement of time on August 28, 2006, the last day for filing objections to the magistrate judge's recommendation. That motion was stricken from the record because it did not include a certificate of conference as required by Local Civil Rule 7.1(b). Humphries refiled his motion with a certificate of conference on September 7, 2006.

reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . ." *Id.* at 1496; *see also Jaramillo v. City of Dallas*, No. 3-99-CV-0828-D, 2001 WL 1148220 at *3 (N.D. Tex. Sept. 21, 2001) (analyzing motion for leave to file out-of-time response to motion for summary judgment under Rule 6(b) "excusable neglect" standard).

Judged against these standards, the court determines that Humphries has failed to demonstrate "excusable neglect." This lawsuit is just one of many cases brought by the Receiver on behalf of defrauded investors of Megafund Corporation. In order to expedite the collection and distribution of assets while minimizing expenses incurred by the Receivership Estate, the court set an early deadline for the parties to either settle their dispute or move for summary judgment. Delay at this point would frustrate that goal and prejudice the investors. Moreover, although Humphries is appearing *pro se*, he is a licensed attorney familiar with the need to comply with court orders on a timely basis. His proffered reasons for not filing a summary judgment response--that he believed the case would be settled and that he is solo practitioner without a full-time legal secretary--are unavailing. Had Humphries sought additional time to file a response *before* the due date, the court might have been willing to grant a brief extension. Indeed, the Receiver indicated he would not oppose such a request. However, Humphries did not timely move for an extension of time and offers no legitimate explanation for failing to do so. Under these circumstances, the failure to act was not due to excusable neglect.

## **CONCLUSION**

Humphries' motion for enlargement of time to file a response to plaintiff's motion for summary judgment [Doc. #26] is denied. However, because Humphries attempted to file this motion before the expiration of the deadline for filing objections to the magistrate judge's recommendation,

the court will extend the time for Humphries to file objections to the August 14, 2006 report and recommendation on plaintiff's motion for summary judgment until **September 18, 2006.**

    SO ORDERED.

    DATED: September 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE