IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL J. QUILLING, RECEIVER FOR MEGAFUND CORPORATION AND LANCORP FINANCIAL GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH WAYNE HUMPHRIES,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:06-CV-0299-L<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

This case arises out of a lawsuit brought by the Securities and Exchange Commission ("SEC") against various defendants and relief-defendants for an alleged fraudulent investment scheme whereby Megafund Corporation ("Megafund"), an unlicensed securities broker, solicited investor funds by making false representations, and ultimately diverted the invested funds for *Ponzi* payments to earlier investors and other undisclosed expenditures. *See SEC v. Megafund Corp., et al.*, No. 3-05-CV-1328-L ("*Megafund* litigation"). On July 5, 2005, the court appointed Michael J. Quilling as the Receiver for all defendants in the *Megafund* litigation. On February 16, 2006, the Receiver filed this action against Kenneth Wayne Humphries ("Defendant" or "Humphries"), the attorney representing Megafund, seeking to recover more than $9 million invested by Lancorp Financial Group ("Lancorp") as a result of allegedly false statements made by Humphries in an opinion letter. The Receiver also seeks disgorgement of the $19,000 in investor funds paid to Humphries, as well as reasonable attorney's fees, costs and interest.

**Memorandum Opinion and Order – Page 1**

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to United States Magistrate Judge Jeff Kaplan for pretrial management. On August 14, 2006, the Findings and Recommendation of the United States Magistrate Judge were filed, recommending that the court grant the Receiver's Motion for Partial Summary Judgment [Docket # 21]. Humphries filed his Exceptions to the Findings and Recommendations of the United States Magistrate Judge ("Defendant's Objections") on September 18, 2006. The Receiver filed Plaintiff's Response Regarding the Findings and Recommendation of the U.S. Magistrate Judge ("Receiver's Response") on September 21, 2006.

## I.  Discussion

On July 7, 2006, the Receiver filed Plaintiff's Motion for Partial Summary Judgment, requesting that the court enter judgment as a matter of law in his favor on his negligent misrepresentation and fraudulent transfer claims.[1] Defendant did not file a response to Plaintiff's motion. In his Answer, Defendant admits that the representations in his opinion letter were "inaccurate false and misleading," and acknowledged receipt of the $19,000.

### A.  Magistrate Judge's Findings and Recommendation

After considering the evidence and applicable law, the magistrate judge found that the Receiver had established "beyond peradventure" the essential elements of his negligent misrepresentation claims. *See* Findings and Recommendation at 4. With regard to the fraudulent transfer claim, the magistrate judge found that Plaintiff had failed to raise a genuine issue of material fact to preclude summary judgment in favor of the Receiver on the fraudulent transfer claims. *Id.* at 5. Based on these findings and conclusions, the magistrate judge recommended that the court

---

[1] As noted by the magistrate judge, the Receiver did not move for summary judgment on Defendant's counterclaim against Megafund for contribution and indemnity. *See* Findings and Recommendation at 2 n.1.

**Memorandum Opinion and Order – Page 2**

enter judgment against Defendant in the amount of $9,365,000 on the Receiver's negligent misrepresentation claims and in the amount of $19,000 on the Receiver's fraudulent transfer claim, together with prejudgment and postjudgment interest as allowed by law, and costs and reasonable attorney's fees as to the fraudulent transfer claim.

### B.     Objections

Defendant makes several objections. First, he requests that the court make an express finding that he did not commit actual fraud or knowingly engage in unlawful conduct with regard to the underlying transactions. Second, he requests that the court reduce the judgment in order to prevent "multiple recoveries" that may occur as a result of the Receiver's collection efforts. Finally, he appears to be attempting to raise a fact issue pertaining to Gary Lancaster's reliance on his representations. For the reasons stated directly below, the court concludes that Defendant's Objections are without merit and should be overruled.

As to his request that the court make an express finding that he did not commit actual fraud, as the Receiver correctly states, "[a]ctual fraud and willful conduct are not elements of" the negligence and fraudulent transfer claims. *See* Receiver's Response at 2.[2] Quite simply, Defendant's state of mind is not at issue and there is no evidence before the court to support such an express finding. Accordingly, this objection is overruled.

With regard to his objection that the court should reduce the judgment to prevent "multiple recoveries" (*see* Defendant's Objections at 2), the court finds no merit to this objection. The evidence before the magistrate judge showed that Defendant's opinion letter contained inaccurate,

---

[2]While fraudulent transfer claims require a finding that the challenged transfer was made with intent to defraud, as the magistrate judge properly noted, "in the case of a *Ponzi* scheme, courts have found that the debtor's intent to hinder, delay, or defraud is established by the mere existence of the *Ponzi* scheme. *See* Findings and Recommendation at 5-6 and n.7.

**Memorandum Opinion and Order – Page 3**

false and misleading representations for Lancorp's benefit, and that Gary Lancaster, in reliance on these representations, caused Lancorp to contribute over $9 million to the scheme. The Receiver has not filed any other lawsuits relating to the funds at issue in this case. *See* Receiver's Response at 3. Moreover, other than pure speculation and conjecture, Defendant has failed to explain the basis for his belief that the Receiver could realize "multiple recoveries" on the amounts addressed in the magistrate judge's Findings and Recommendation. Accordingly, this objection is overruled.

Finally, the court rejects Defendant's attempt to raise for the first time in his Objections an issue of fact regarding reliance on his representations by Gary Lancaster. Defendant was given ample opportunity to respond to the Receiver's summary judgment motion, and failed to file a response. The evidence before the magistrate judge was Gary Lancaster's affidavit, which showed that he relied on Defendant's representations and, but for the representations, Lancorp would not have invested money in Megafund. Accordingly, this objection is overruled.

## III.   Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, Defendant's Objections, and Receiver's Response, the court determines that the findings and conclusions are correct. Defendant's Objections are **overruled**. The magistrate judge's findings are **accepted** as those of the court. Accordingly, the court **grants** Receiver's Motion for Partial Summary Judgment.

**It is so ordered** this 13th day of October, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge